**EDO CORPORATION, Plaintiff,**

v.

**BEECH AIRCRAFT
CORPORATION, Defendant.**

Civ. A. No. 85–2204–S.

United States District Court,
D. Kansas.

Jan. 28, 1991.

Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., Richard D. Greene, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., John Cibinic, Annandale, Va., Calvin E. Thorpe, Thorpe, North & Western, Sandy, Utah, for plaintiff.

Paul B. Swartz, Jeff Kennedy, Robert Martin, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a motion of defendant Beech Aircraft Corporation ("Beech") entitled "MOTION TO ENFORCE THE COURT'S JUDGMENT AND TO CONSOLIDATE THIS MATTER WITH A PENDING RELATED LAWSUIT AND TO ASSIGN THE CONSOLIDATED PROCEEDING TO THE HONORABLE DALE SAFFELS." In the above-captioned suit, plaintiff EDO Corporation ("EDO") sought damages for breach of contract and misappropriation of trade secrets. On October 21, 1988, this court entered judgment against plaintiff EDO, finding that the contract between the parties had not been breached and that Beech had not misappropriated trade secrets of EDO, including the "H" joint technology. 715 F.Supp. 990. On September 12, 1990, the judgment was affirmed by the Tenth Circuit Court of Appeals.

In this motion, Beech contends that EDO is seeking to collaterally attack or circumvent this court's previous judgment. The facts underlying this contention can be summarized as follows. While the above-captioned case was pending in this court, both Beech and EDO sought to obtain patents on certain technology relating to the "H" joint. After patents were awarded to both EDO and Beech, the Patent Commission declared an interference between the parties' respective patent applications. The Board of Patent Appeals decided the interference in favor of EDO. Beech then filed an action against EDO and the Commissioner of Patents in the United States District Court for the District of Columbia, seeking to void the decision of the Board of Patent Appeals in the interference proceeding and/or obtain a assignment of EDO's patent and EDO's patent application. Specifically, Beech asserted the following claims in the District of Columbia action: (1) whether the Patent and Trademark Office acted within its jurisdiction; (2) whether "inventorship" for purposes of patent

rights was correctly determined for Beech's and EDO's respective patents and EDO's patent application; (3) whether Beech's patent and EDO's patent interfere; and (4) whether EDO's patent and EDO's patent application should be ordered assigned to Beech based on this court's previous ruling. On October 16, 1990, Beech filed a new action against EDO in this District, with similar claims to those asserted in the case pending in the District of Columbia District Court. That case, No. 90–4185–R, is currently pending before the Honorable Richard D. Rogers of this District. Beech has filed a motion in the District of Columbia district court to have that case transferred to this district or, in the alternative, stayed pending resolution of the action pending before Judge Rogers.

In this motion, Beech seeks an order from this court requiring EDO to assign the disputed patents and patent applications to Beech. Beech also requests that this matter be consolidated with the lawsuit presently pending before Judge Rogers, case No. 90–4185–R; Beech further requests that the consolidated proceeding be assigned to the undersigned judge.

 Upon examination of Beech's motion, and EDO's response thereto, the court finds that the motion should be denied. As an initial matter, the court notes that, on their face, the claims presented in the litigation currently pending in the District of Columbia and in this district before Judge Rogers regarding patent ownership differ from the claims presented in the case which was tried and decided by this court. The court finds that any possible collateral estoppel effect of this court's judgment in relation to the currently pending litigation can and should be decided by those courts, not by this court. *E.g., Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877) (discussing the application of the collateral estoppel doctrine).

 Further, the court cannot grant the relief requested by Beech in its motion. First, the court notes that Beech neither requested nor received any affirmative relief such as assignment of a patent in the previous suit. The court finds that, even if jurisdiction still existed to order EDO to assign its patent and patent applications to Beech, Beech's present request for such relief is barred as untimely under Rule 59(e) of the Federal Rules of Civil Procedure, as well as by applicable rules of pleading. Thus, Beech's request that the court order EDO to assign its patent and patent applications to Beech must be denied. Second, the court finds that it has no jurisdiction to consider either Beech's motion to consolidate this matter with the action pending before Judge Rogers or its request that the consolidated matter be transferred to this judge from Judge Rogers. Thus, these requests will also be denied.

 Third, even assuming, as Beech alleges, that EDO violated the terms of a discovery order entered in this case by failing to disclose the existence of the patent application at issue in the pending litigation, the court finds that Beech has not moved that EDO be cited with contempt, nor could it, given that the issues of production with which the discovery order was concerned are now effectively moot. Thus, the court finds that Beech's motion should be denied in its entirety.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to enforce judgment and to consolidate this matter with a pending related lawsuit and to assign the consolidated proceeding to the undersigned judge is denied.