**BEECH AIRCRAFT CORPORATION and Paul Jonas, Plaintiffs,**

v.

**EDO CORPORATION, Defendant.**

**BEECH AIRCRAFT CORPORATION and Paul Jonas, Plaintiffs,**

v.

**EDO CORPORATION and Harry Manbeck, Commissioner of Patent and Trademarks, Defendants.**

Civ. A. Nos. 90–4185–S, 91–4038–S.

United States District Court,
D. Kansas.

Nov. 1, 1991.

Paul B. Swartz, Jeffrey L. Kennedy, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for plaintiffs.

Richard D. Greene, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., Marvin Genzer, College Point, N.Y., for defendant EDO Corp.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This case is before the court on cross-motions for summary judgment. Beech Aircraft Corporation ("Beech"), EDO Corporation ("EDO"), and the Commissioner of Patent and Trademarks each filed motions for partial summary judgment in Case No. 91–4038–S (Docs. 14, 17, 25). This case was originally filed in the United States District Court for the District of Columbia, but has since been transferred to this court. In their four-count complaint in that case, plaintiffs seek: (1) judicial review under 35 U.S.C. § 146 of an adverse decision rendered by the Board of Patent Appeals and Interferences in Interference No. 102,-086 (Count I); (2) relief under 35 U.S.C. § 291 alleging that a patent applied for by, and a patent issued to, the assignor ("Abildskov") of EDO interferes with a patent issued to plaintiff Paul J. Jonas ("Jonas") and assigned to plaintiff Beech (Count II); (3) relief under 35 U.S.C. § 256, alleging that Jonas is the inventor or co-inventor of the invention claimed in the patent owned by EDO (Count III); and (4) assignment to Beech of the EDO patent pursuant to this court's previous ruling in Case No. 85–2204–S (Count IV).

Shortly after Beech filed suit in the United States District Court for the District of Columbia, it also filed in the District of Kansas, Case No. 90–4185–S, on substantially the same claims. These cases are now both before the court. Both Beech and EDO have filed motions for summary judgment on the claim for assignment to Beech of the EDO patent. This is Count I in Case No. 90–4185–S, and Count IV in Case No. 91–4038–S. Pursuant to a scheduling order filed June 20, 1991, this court will first address these latter motions based upon the requested assignment of the EDO patent, recognizing that this court's resolution on these motions may be dispositive of all remaining issues.

To the extent that the Commissioner's and EDO's respective requests for oral argument on their motions are still outstanding (having been filed in the District of Columbia originally), the court finds that oral argument will not be of material assistance to the court in its resolution of matters raised in the parties' motions, and thus, the request for oral argument will be denied. D.Kan. 206(d).

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548,

2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

### FACTS

These parties were previously before this court for trial in case No. 85–2204–S, where the court made numerous findings of fact. *EDO Corp. v. Beech Aircraft Corp.*, 715 F.Supp. 990 (D.Kan.1988). The pertinent facts are set forth below.

4. Beginning in September, 1982, Beech and EDO entered into a series of research and development contracts related to a new composite aircraft, the Starship. Beech chose EDO's Fiber Science Division as a subcontractor on the Starship research and development program because of FSD's experience with composite filament winding. Composite filament winding is a state of the art process for constructing non-metal aircraft. FSD was to design and construct the main wing for the Starship.

5. The first contract between FSD and Beech provided that FSD would conduct a design study for the wing structure and propose a design to Beech. The parties entered into this first contract in late 1982. The second, third and fourth contracts provided for further design, development and construction of the Starship wing.

. . . .

8. The first contract between EDO and Beech also provided that all patent and inventive rights arising from the contract would become the property of Beech, except that 'procedures, designs, processes and concepts which [were] unique to [FSD] and which were developed prior to this subcontract that [FSD] has documentation for shall be exempt. [FSD] will so indicate in the final report to [Beech] the procedures, designs, processes and concepts that are exempt.'

9. The second, third, and fourth contracts contained similar language to that stated above, except that FSD was not required to set out the exempt procedures, designs, processes and concepts in writing.

. . . .

11. After the December 1982 contract, FSD developed its design concept for the Starship main wing and presented the design study to Beech in April 1983. That study included a proposal that an 'H' section concept be employed to attach spars to the wing skins. 715 F.Supp. at 991–93.

The court found that subsequent to the receipt of the design study, Beech officials met and decided to order a restructuring of the Starship program based upon some concerns regarding the method by which the main wing was to be built. Beech then notified EDO it was terminating their contracts. This court further found that "Beech subsequently applied for and received a patent on the 'H' joint technology. This concept is now being employed in the Starship." 715 F.Supp. at 993.

EDO's assignor filed a patent application, Serial No. 687,956, on December 31, 1984. The Jonas patent, No. 4,671,470, was issued June 9, 1987, and was based upon a patent application filed July 15, 1985. During the pendency of the previous case, on March 24, 1988, EDO's assignor filed a document entitled "Amendment for Purposes of Provoking an Interference", in which new claims Nos. 23 and 24 were added to the EDO parent patent application originally filed on December 31, 1984. New Claim No. 23 corresponded word-for-word with Claim No. 7 in the Beech patent.

New Claim No. 24 corresponded word-for-word with Claim No. 10 of the Beech patent. (Hanes Affidavit, Exhibit "A," Paragraph 8).

Interference No. 102,086 was declared by the Patent and Trademark Office ("PTO") on March 8, 1989. The interference was subsequently "redeclared" with the final result designating the respective claims of the parties to correspond to the counts as follows:

| Count | Jonas' claims | Abildskov claims |
|-------|---------------|------------------|
| 1 | 7 | 9 |
| | | 13 |
| | | 23 |
| 2 | 10/7 | 15 |
| | | 18 |
| | | 19 |
| | | 20 |
| | | 24 |

Judgment was finally entered against Jonas determining he was not entitled to a patent containing claims 7 and 10/7 of his application involved in the interference.[1] As a result of the PTO decision regarding the interference, the current lawsuits were filed.

Simply stated, Beech claims it is the owner of the technology in its patent and seeks an assignment of the EDO patent. EDO contends it is entitled to summary judgment on any one of three independent grounds. First, EDO argues the doctrine of *res judicata* prohibits Beech from seeking assignment of EDO's patent, since this court previously denied the request for assignment in *EDO Corp. v. Beech Aircraft Corp.*, 755 F.Supp. 985 (D.Kan.1991). It further argues that, even if *res judicata* does not bar this court from considering Beech's claim for assignment, Beech should have brought its claim in case No. 85–2204–S, *EDO Corp. v. Beech Aircraft Corp.*, 715 F.Supp. 990, as a compulsory counterclaim. Finally, EDO argues Beech is now barred by the statute of limitations from litigating its claim for assignment. EDO contends the statute began to run in 1984 when Beech became aware that EDO was claiming the rights to the technology in question and attempting to patent the invention.

## PREVIOUS LITIGATION

Issues related to the current litigation have previously been before this court in two connected cases involving the same parties. In *EDO Corp. v. Beech Aircraft Corp.*, 715 F.Supp. 990 (D.Kan.1988), the court made findings on the following claims after a trial to the court: (1) EDO's breach of contract claim based on Beech's alleged wrongful termination of the contracts between the parties; (2) EDO's breach of contract claim based on Beech's failure to pay unabsorbed overhead as allegedly required by the termination clause in the contracts between the parties; (3) EDO's claim of promissory estoppel based on EDO's decision to forego an opportunity to do similar contract work for another corporation; and (4) EDO's claim of misappropriation of trade secret and request for a declaratory judgment as to the proprietary rights in the "H" joint technology.

This court found that the "H" joint technology was part of the design proposal developed by FSD, a division of EDO, pursuant to the contractual arrangement between the parties. 715 F.Supp. at 995. This conclusion was based upon two findings. First, EDO had not shown any documentation that the technology predated the contract and the oral testimony on that issue at trial was insufficient to satisfy the requirements of the contract. *Id.* Second, in the final report, EDO failed to indicate any exempt procedures, designs, or concepts.[2]

The court further found the following:

Therefore as to any subsequent use of the 'H' joint technology by FSD in its ongoing project for Beech, the technology was the property of Beech and therefore not subject to any exemption.

---

1. Procedurally, the interference determination and judgment against Jonas was more complex than set forth for the purpose of this factual statement, but more detail is not necessary here.

2. Contrary to EDO's assertion that the court's finding was based solely on EDO's failure to designate exemptions, the court also found that EDO had failed to prove the technology predated the first contract.

14. Since the 'H' joint technology became the property of Beech by virtue of the first contract between the parties, Beech has not misappropriated any trade secret belonging to FSD by its subsequent application and procurement of a patent and use of the technology in the Starship.

Although the misappropriation issue was not reviewed, the court's decision was affirmed in *EDO Corp. v. Beech Aircraft Corp.*, 911 F.2d 1447 (10th Cir.1990).

Subsequent to the appeal, Beech moved to enforce the judgment, contending EDO was seeking to circumvent or collaterally attack the court's judgment by obtaining a patent and provoking an interference between its application and two claims of the Beech patent. Both of the cases currently before the court had been filed and were pending at the time of Beech's motion attempting to enforce the previous judgment, although neither case was before the undersigned judge. This court determined it could not grant the assignment of the EDO patent to Beech because Beech had not sought nor received any affirmative relief in the previous case. *EDO Corp. v. Beech Aircraft Corp.*, 755 F.Supp. 985, 987 (D.Kan.1991). Further, the request for such relief was barred as untimely under Rule 59(e) of the Federal Rules of Civil Procedure and the applicable rules of pleading. *Id.*

## RES JUDICATA

In its motion for summary judgment, EDO contends this court's determination that the previous case did not grant Beech an assignment is *res judicata* to Beech's current claims for an assignment. Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991). The preclusive effect of the judgment in a subsequent action extends to any issue "actually litigated and determined if its determination was essential to that judgment." 931 F.2d at 682.

The issue of the assignment of the patent is, on its face, identical to the relief Beech sought from this court by its motion to enforce the earlier judgment. This court determined Beech was not entitled to an assignment based on the court's previous judgment, because that was not a part of the relief sought or awarded in the earlier case. Further, the request for relief in the previous case was not timely. The merits of the request for assignment of the patent, however, were never reached. This court did not make findings of whether assignment of the patent would ever be a proper remedy if affirmatively requested. The procedural posture of Beech's motion in trying to obtain the relief in a case in which a final judgment had been entered, and in which the remedy had not been requested and adjudicated, is different than the posture of this case. In this case, Beech is affirmatively requesting the relief. Therefore, the court finds that its opinion issued in *EDO Corp. v. Beech Aircraft Corp.*, 755 F.Supp. 985 (D.Kan.1991), does not preclude Beech from affirmatively requesting assignment of the patent in the present case.

## COMPULSORY COUNTERCLAIM

EDO further argues that it is entitled to summary judgment because Beech's request for an assignment was a compulsory counterclaim in the previous litigation and is now barred for Beech's failure to bring the claim. The compulsory counterclaim rule states in relevant part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Fed. R.Civ.P. 13(a).

This rule prevents multiple actions by resolving disputes arising out of a common transaction in one lawsuit. *CCMS Pub. Co., Inc. v. Dooley–Maloof, Inc.*, 645 F.2d 33 (10th Cir.1981).

The court has carefully considered the arguments set forth on this issue by each party. Ultimately the resolution of whether Beech's claim for an assignment is barred depends upon when the claim matured. This court rejects EDO's argument that, because Beech was aware prior to filing the lawsuit of EDO's contention it retained the rights to the technology, that Beech's claim for assignment of EDO's patent was a compulsory counterclaim.

■ Although both EDO's and Beech's patent applications were pending during the pendency of the previous case, EDO's amendment to its divisional application to provoke an interference was not filed until March 24, 1988. Beech had no knowledge that EDO was attempting to provoke an interference with respect to two claims of the Beech patent until March 1989, after judgment had been entered in the previous case.[3] The EDO patent also did not issue until after judgment had been entered in the previous case. Beech, on the other hand, was issued a patent on the "H" joint technology on June 9, 1987, well before the case went to trial.

The court finds Beech's claim regarding the technology upon which it was issued a patent did not mature until an interference was declared by the PTO between two claims of the Beech patent and two claims of the Abildskov amended divisional application. In the original lawsuit, EDO was seeking a declaration of misappropriation of trade secret. Substantially before trial on that issue, Beech had obtained a patent on the "H" joint technology. Beech's claim for assignment of the EDO patent and application matured after declaration of the interference. Only then did Beech have knowledge that EDO potentially could be declared the inventor of the portion of the technology to which Beech claimed ownership rights by virtue of the parties' previous contracts. The court therefore finds Beech's present claim for assignment was not a compulsory counterclaim in the previous lawsuit. Because the claim did not

mature until the interference was declared, the court further finds the claim is not barred by any applicable statute of limitations.

### REQUEST FOR ASSIGNMENT

■ Beech specifically requests that the court order EDO to assign to Beech its patent, patent application, and all other property or information in its possession that is the property of Beech pursuant to this court's decision in *EDO Corp. v. Beech Aircraft Corp.*, 715 F.Supp. 990 (D.Kan. 1988).

The court finds it is unable to grant Beech the relief it requests. The full extent to which the EDO patent is inconsistent with this court's previous judgment has not been litigated and the court declines to overreach that judgment. On the other hand, the court finds it must revisit its previous opinion in view of the PTO's order declaring an interference between Beech's patent and EDO's patent application, and the subsequent finding that Beech is not entitled to a patent on Claims No. 7 and 10/7.

■ As quoted above, this court found Beech had not "misappropriated any trade secret belonging to FSD by its subsequent application and procurement of a patent and use of the technology in the Starship." 715 F.Supp. at 996. Testimony regarding the specific claims included in Beech's patent, including Nos. 7 and 10/7 was introduced during trial. EDO's questioning went to the inventorship of the technology in support of its cause of action for misappropriation of trade secret. The court's judgment, after considering all of the evidence, was that Beech owned the technology that was included in the patent application and subsequent patent. Implicit in this court's legal conclusion, was that Beech owned the patented technology including Claim Nos. 7 and 10/7.

The court finds that, to the extent that the PTO found Beech was not entitled to a patent containing Claim Nos. 7 and 10/7,

---

**3.** Despite Beech's contention that EDO should have supplemented its discovery responses and EDO's contention that Beech should have filed supplemental discovery requests, the court declines to find fault with either party this length of time after the original trial. The court finds only that Beech did not have knowledge of the amendment to provoke the interference.

the judgment of the PTO is vacated. The court notes that it is not making any determination of inventorship or priority by its decision. Rather, this court is restating its previous ruling regarding the contractual rights of the parties to the technology used by Beech in acquiring its patent. It is for the PTO to determine the effect of this court's judgment on EDO's patent.

IT IS BY THE COURT THEREFORE ORDERED that Beech's motion for summary judgment (Doc. 37) is granted in part and denied in part consistent with this opinion.

IT IS FURTHER ORDERED that EDO's motion for summary judgment is denied (Doc. 39).

IT IS FURTHER ORDERED that all remaining motions for summary judgment are moot (Docs. 14, 17, 25).